

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 7, 2019

The Honorable J.D. Lambright
Montgomery County Attorney
501 North Thompson, Suite 300
Conroe, Texas 77301

Opinion No. KP-0244

Re: Whether the city attorney and city administrator are local public officials subject to chapter 171 of the Local Government Code (RQ-0249-KP)

Dear Mr. Lambright:

You ask on behalf of the City of Conroe (the "City") whether the city attorney and city administrator are local public officials subject to chapter 171 of the Local Government Code with respect to a particular matter.[1] You inform us that the city attorney and the city administrator negotiated a proposed agreement on behalf of the City whereby a landowner would donate a portion of a defunct golf course property to the City for park and open space purposes. Request Letter at 1. The proposed agreement would require the City to grant an exception from its tree preservation ordinance for the property retained by the landowner and consent to the property's inclusion in a municipal utility district in accord with the owner's planned development of the remaining property for single family homes. *Id.* You tell us that the city attorney and the city administrator each owns a home adjacent to the property._*Id.* at 1–2.[2] You state that the city attorney presented the proposed agreement at a public workshop but that the city council has not voted on the proposal. *Id.* at 2. The City's question arises out of "public comments or suggestions that the terms of the proposed agreement, if approved by the City, may have a special economic effect on the value of the properties" that the city administrator and the city attorney own. *Id.*

Chapter 171 of the Local Government Code "preempts the common law of conflict of interests as applied to local public officials." TEX. LOC. GOV'T CODE § 171.007(a). A local public official who knowingly violates section 171.004 commits an offense. *Id.* § 171.003(a)(1).[3] Section

---

[1]*See* Letter from Honorable J.D. Lambright, Montgomery Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 7, 2018) ("Request Letter") and attached Letter from Honorable Toby Powell, Mayor, Conroe, Tex., to Honorable J.D. Lambright (Aug. 27, 2018) ("Mayor's Letter"), https://www2.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs.

[2]You state that the city administrator's home is adjacent to the property to be donated to the City and the city attorney's home is adjacent to the property to be retained for development. Request Letter at 1–2.

[3]Section 171.003 also makes it an offense for a local public official to knowing act as surety "for a business entity that has work, business, or a contract with the governmental entity" or as surety "on any official bond required of an officer of the governmental entity." TEX. LOC. GOV'T CODE § 171.003(a)(2), (3).

171.004 prohibits a "local public official" from participating in a "vote or decision" involving property in which the official has a substantial interest:

> (a) If a local public official has a substantial interest . . . in real property, the official shall file, before a vote or decision on any matter involving . . . the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> . . .
>
> > (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

*Id.* § 171.004(a)(2). Chapter 171 defines a "local public official" as "a member of the governing body or another *officer*, whether elected, appointed, paid, or unpaid, of any . . . municipality . . . who exercises responsibilities beyond those that are advisory in nature." *Id.* § 171.001(1) (emphasis added). Thus, as applicable here, an individual may be subject to the conflict of interest provisions of section 171.004 if the individual (1) has a substantial interest in real property that may be involved in municipal action; (2) is a local public official of the municipality as that term is statutorily defined; and (3) votes or makes a decision on a matter that will have a special economic effect on the value of the individual's property. *Id.* §§ 171.001(1), .004.

Home ownership may constitute a "substantial interest in real property" under the statute. *See id.* § 171.002(b) ("A person has a substantial interest in real property if the interest is an equitable or legal ownership with a fair market value of $2,500 or more."). However, we need not decide whether the city administrator or the city attorney meets the definition of a local public official because they do not vote or make a decision on a matter that will have a special economic effect on the value of their respective property. "[P]otential conflicts of interest are evaluated on a case by case basis as they relate to particular governmental actions." Tex. Att'y Gen. Op. No. GA-0337 (2005) at 4. This office has determined that "section 171.004 applies only to a local official who may participate in a vote or decision of the governmental entity that will result in a special economic effect" on the official's business or the value of the official's real property. Tex. Att'y Gen. Op. No. GA-0510 (2007) at 2 (determining that a constable is a local public official but need not comply with disclosure and abstention requirement with respect to his towing business); *see also* Tex. Att'y Gen. Op. Nos. JM-450 (1986) at 1 (determining that the predecessor statute did not apply to a deputy sheriff's auto repair contract with the county because the deputy does not vote on or decide county business), JM-310 (1985) at 3–4 (determining that a county clerk may own a title company doing business with the county because the clerk does not vote or decide county contracts). The facts as described by the mayor suggest that the city administrator and the city attorney do not possess the authority to vote or make a decision on the City's acceptance of

the proposed agreement.  Mayor's Letter at 3.[4]  Taking these facts as true, the city administrator and the city attorney are not subject to the requirements of section 171.004 of the Local Government Code with respect to the proposed agreement as described.

---

[4]*But see* Tex. Att'y Gen. Op. No. KP-0105 (2016) at 2–4 (determining that members of a planning and zoning commission whose decisions are treated as final must comply with section 171.004 even though the city council has concurrent authority).

## S U M M A R Y

Section 171.004 of the Local Government Code prohibits a "local public official" from participating in a vote or decision involving property in which the official has a substantial interest when it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property. Because the city attorney and a city administrator at issue do not possess authority to vote or make a decision on a proposed agreement as described, they are not subject to the requirements of section 171.004 of the Local Government Code with respect to that agreement.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee